UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| S&J WHOLESALE, LLC, et al., ) | |
| ) | Case No. 1:22-cv-303 |
| *Plaintiffs*, ) | Related Case No. 1:22-cv-148 |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| ALKITCHMALL (SELLER ID: ) | Magistrate Judge Susan K. Lee |
| A2S9WQ2NR9EYP3) et al., ) | |
| ) | |
| *Defendants*. | |

## MEMORANDUM OPINION

Before the Court are Defendants CYANBULLS, glorybull, Gongyi, Ningbo Juyi Industry and Trade Co. LTD, SUNDAZZI, and Youmeng's (collectively, "Moving Defendants") motion to dissolve the temporary restraining order (Doc. 14) and Plaintiffs' motion to remand (Doc. 17). For the following reasons, Plaintiffs' motion to remand (Doc. 17) will be **GRANTED**, and the Court will not rule on the motion to dissolve the temporary restraining order (Doc. 14).

I.  **BACKGROUND**

   A.  **The First Removal**

On December 30, 2021, Plaintiffs filed a verified complaint in the Circuit Court of Hamilton County, Tennessee, against 125 Defendants, requesting a temporary restraining order ("TRO"), temporary injunction, and permanent injunction (hereinafter, the "*Alkitchmall* Case"). (*See* Doc. 8-2, at 8–30.) Plaintiffs are limited-liability companies that design and sell a variety of products, including dog wheelchairs, teleprompters, and smelters. (*Id.* at 6.) Defendants are several Chinese entities selling products on Amazon. (*Id.* at 10–23.)

The Circuit Court of Hamilton County granted a TRO against all Defendants on January 5, 2022. (*Id.* at 83–88.) The TRO enjoined Defendants as follows:

> (a) Defendants shall not further sell any goods or Products utilizing Plaintiffs' trade secrets and proprietary and confidential information, including but not limited to those goods or Products identified in the Verified Complaint;
>
> (b) the seller settlement accounts of Defendants at Amazon are hereby frozen to prevent the Defendants from accessing those funds, and Defendants shall not access those seller settlement accounts;
>
> (c) the inventory of Defendants are hereby frozen to prevent the Defendants from transferring or withdrawing the inventory from Amazon, and Defendants shall not access or dispose of any such inventory; and
>
> (d) the proceeds in the Amazon seller settlement accounts of Defendants shall not be retained by Defendants but shall be paid into the registry of this Court to prevent them from being irretrievably disbursed and lost to the anonymity of the internet.

(*Id.* at 87.)

On March 21, 2022, Defendants FASTTOBUY Official US, GOODcrafter US, TOAUTO Official US, and VAIKING removed the action to this Court (hereinafter, "Removal Defendants"). (*See* Doc. 5 in Case No. 1:22-cv-68.) Removal Defendants were later voluntarily dismissed. (*See* Doc. 23 in Case No. 1:22-cv-68.) Moving Defendants joined the notice of removal on March 25, 2022, and filed a motion to dissolve the TRO and to dismiss the case. (*See* Docs. 11, 31 in Case No. 1:22-cv-68.) Plaintiffs then filed a motion to remand, arguing that the action was improperly removed because, among other reasons, Removal Defendants did not obtain the consent of all Defendants that had been served and the removal was untimely. (Doc. 61, at 4 in Case No. 1:22-cv-68.)

This Court remanded the case to state court and did not rule on the motions to dismiss or to dissolve the TRO. (*Id.* at 11.) In its memorandum opinion, the Court held that, although the Court had original diversity jurisdiction over the suit, the removal was untimely. (*Id.* at 8–10.)

The Court also reasoned that the lack of consent from all Defendants to remove "too, could render the notice [of removal] inadequate at the time of its filing." (*Id.* at 10–11.)

B. **The Related Case**

On June 3, 2022, the same Plaintiffs from the *Alkitchmall* Case filed a verified complaint in the Circuit Court of Hamilton County against a different group of Chinese-based Amazon sellers (hereinafter, the "*JinDan Direct* Case").[1] (*See* Doc. 1-1, at 6–26 in Case No. 1:22-cv-148.) Plaintiffs made nearly identical allegations and requested a TRO, temporary injunction, and permanent injunction based on the alleged used of the same confidential informational to manufacture counterfeit products. (*Id.* at 11.) In addition to the intellectual-property theft allegations in the *Alkitchmall* Case, Plaintiffs also claim the *JinDan Direct* Defendants made false complaints to Amazon, including that Plaintiffs used copyrighted text on their Amazon seller pages. (*Id.* at 14.)

On June 8, 2022, the Circuit Court of Hamilton County issued a TRO against all Defendants. (*See* Doc. 11 in Case No. 1:22-cv-148.) Defendants removed the case to this Court on June 9, 2022. (*See* Doc. 1 in Case No. 1:22-cv-148.) The Court granted Plaintiffs leave to amend their complaint, and Defendants' motion to dismiss the amended complaint is currently pending. (*See* Docs. 22, 26 in Case No. 1:22-cv-148.)

C. **The Second Removal**

After the Court remanded the *Alkitchmall* Case to the Circuit Court of Hamilton County, Plaintiffs filed a motion for contempt in Circuit Court on November 3, 2022. (Doc. 8-2, at 274–287.) In this motion, Plaintiffs alleged that Moving Defendants attempted to bribe Plaintiffs'

---

[1] Rather than the 125 Defendants in the first case, the second case named only five Defendants: JINDAN DIRECT, TAIXIAN DIRECT, QIAOLUO DIRECT, YINRUN, and ZHENXINSY. (Doc. 1-1, at 8 in Case No. 1:22-cv-148.)

3

counsel and continued to sell products in violation of the TRO. (*Id.* at 274.) Importantly, Plaintiffs alleged that Moving Defendants "acted in concert with Defendants in other cases, and especially [in the *JinDan Direct Case*] . . . They should be viewed as one entity, or at least acting in concert with and cooperating together as part of a conspiracy to harm Plaintiffs." (*Id.*) Additionally, on November 28, 2022, the circuit court judge referred the case to mediation. (Doc. 17-2, at 22.)

Moving Defendants removed the case to this Court on December 6, 2022, asserting that because Plaintiffs allege the *Alkitchmall* and *JinDan Direct* Defendants engaged in the same conspiracy, the Court should exercise jurisdiction over all Defendants "in the interest of judicial economy, convenience, and fairness to all litigants." (Doc. 8, at 9.)

After removing the case, Moving Defendants filed a motion to dissolve the TRO (Doc. 14), and Plaintiffs filed a motion to remand (Doc. 17). Plaintiffs argue that (1) Moving Defendants did not obtain the consent of all Defendants that had been served; (2) there is no basis supporting the second removal because Moving Defendants have long known of the allegations supporting a second removal; and (3) the Court should award costs and attorney's fees because the second removal was filed in bad faith and for the improper purpose of choosing a more favorable court. (Doc. 18, at 1.) Both motions are fully briefed and ripe for the Court's review.

## II.  MOTION TO REMAND

### A.  Standard of Review

Generally, a defendant may remove to federal court any civil action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing that the district court has original jurisdiction over the matter by a

4

Case 1:22-cv-00303-TRM-SKL   Document 25   Filed 01/11/23   Page 4 of 9   PageID #: 1046

preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation and internal quotation marks omitted).

**B.     Analysis**

In their motion, Plaintiffs argue that removal was improper because: (1) Moving Defendants failed to obtain consent from all served Defendants; and (2) there is no new legal basis supporting removal. (Doc. 18, at 1.) Plaintiffs also argue the Court should impose costs and attorney's fees because Defendants filed the second removal in bad faith. (*Id.*)

### i.     *Consent of Other Defendants*

Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action" under 1441(a)—known as the "rule of unanimity." *See e.g.*, *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015). Here, all Defendants have been served. (*See* Doc. 36, at 2; Doc. 41, at 4–5 in Case No. 1:22-cv-68.) But over forty Defendants have not consented to removal. (Doc. 8, at 14–15.) Yet Moving Defendants argue that "all Represented Defendants consent to removal, and it is unnecessary for the remaining Listed Defendants to do so" because the nonconsenting Defendants are "nominal" parties. (Doc. 8, at 14–15; Doc. 23, at 9.)

An exception to the rule of unanimity exists when a defendant "is merely a nominal or formal party." *Beasley v. Wells Fargo Bank, N.A. for Certificate Holders of Park Place Sec., Inc.*, 744 F. App'x 906, 914 (6th Cir. 2018) (internal quotation marks and citations omitted). A defendant is a "nominal party" when "in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or

5

Case 1:22-cv-00303-TRM-SKL     Document 25     Filed 01/11/23     Page 5 of 9     PageID #: 1047

inequitable to a plaintiff." *Id.* at 915 (alteration and emphasis omitted) (quoting *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017)). Unfairness arises when "a defendant's absence might 'put [the plaintiff] at risk of receiving inadequate relief.'" *Id.* (alteration in original) (citing *Thermoset*, 849 F.3d at 1317). In *Beasley*, the Sixth Circuit upheld the district court's determination that a defendant was a nominal party because the plaintiff brought no claims against it and sought no damages from it. *Id.* at 915.

Unlike *Beasley*, where the plaintiff brought no claims against and sought no damages from a defendant, Plaintiffs bring claims against and seek relief from all forty-plus nonconsenting Defendants. (Doc. 8-2, at 10–23, 25–30.) The state-court-issued TRO applies to these Defendants. (*Id.* at 86.) Moving Defendants argue that the absent Defendants, which likely do not know about the lawsuits against them, have "no palpable interest in the case," and should "not be able to defeat the rights of the Represented Defendants with a real stake." (Doc. 23, at 10.) But, as stated in *Beasley*, the primary concern is the prejudice to a plaintiff, not to a defendant. *See* 744 F. App'x at 915 ("[A] defendant's absence might 'put [the plaintiff] at risk of receiving inadequate relief.'") (cleaned up). If Plaintiffs' allegations are true, the absence of the remaining forty-plus Defendants would deny Plaintiffs adequate relief—both through damages and injunctive relief. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) ("[A] district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim.") (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)); *Bey v. Tenn. Dep't of Corr.*, No. 2:15-cv-174, 2019 WL 13242632, at *2 (E.D. Tenn. May 22, 2019) ("[I]t is generally 'forbidden' for courts to enter injunctive relief

6

Case 1:22-cv-00303-TRM-SKL    Document 25    Filed 01/11/23    Page 6 of 9    PageID #: 1048

against non-parties to an action.") (citing *Additive Control Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394–96 (Fed. Cir. 1996)).[2] Accordingly, removal was improper.

### ii. Legal Basis for Second Removal

Under 28 U.S.C. § 1446(b)(3),

> "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Defendants argue that the new information from the motion for contempt filed in state court on November 3, 2022—specifically that the *Alkitchmall* and *JinDan Direct* Defendants are "intertwined"—provides the basis for removal. (Doc. 23, at 8.) But Moving Defendants have known the case was removable longer than the thirty-day period. *See Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC*, 695 F. App'x 908, 912 (6th Cir. 2017) (quoting *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015)) ("The thirty-day period for removal begins to run when the initial pleading or a subsequent paper first provides 'solid and unambiguous information that a case is removable.'"). A case is removable when federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Even if the initial pleadings did not provide "solid and unambiguous information that the case [was] removable[,]" the Court's June 21, 2022 memorandum opinion, which held diversity jurisdiction existed, provided that information. (*See* Doc. 61, at 7 in Case No. 1:22-cv-68.) Defendants removed this case for the second time on December 6, 2022, well past thirty days after June 21, 2022.

---

[2] Moving Defendants also argue that even if all Defendants have not consented, "it is unfathomable that a foreign Listed Defendant with any interest in this case would prefer to be represented before a State venue . . . This is simply not a case in which a non-signatory defendant would be opposed to removal." (Doc. 23, at 10–11.) But the Court finds no authority enabling it to decide for a defendant which forum they prefer.

7
Case 1:22-cv-00303-TRM-SKL   Document 25   Filed 01/11/23   Page 7 of 9   PageID #: 1049

Further, even accepting Defendants' argument that the "intertwining" of the *Alkitchmall* and *JinDan Direct* Defendants is new information, the information does not provide a basis for removal; it is unrelated to jurisdiction. 28 U.S.C. § 1446(b)(3) (the thirty-day period runs from when a pleading or other paper reveals information "that the case is one of which is or has become removable"). Both before and after possessing this new information, the Moving Defendants knew diversity jurisdiction existed. Therefore, removal was improper.

### iii. *Bad Faith and Improper Purpose*

Finally, Plaintiffs argue the second removal was brought in bad faith and for an improper purpose and, therefore, the Court should award the Plaintiffs costs and attorney's fees. (Doc. 18, at 11.) In doing so, Plaintiffs rely on *Tennessee v. Britlee, Inc.*, No. 3:07-cv-0988, 2007 WL 3231819 (M.D. Tenn. Oct. 30, 2007). In *Britlee*, the court awarded the plaintiff attorney's fees because the defendants removed the case for a second time based on "a variation of the same argument" the court had previously rejected, and the second removal was "for the apparent purpose of avoiding or delaying contempt proceedings" in state court. *Id.* at *3.

*Britlee* differs from the present case. While Moving Defendants raised the consent argument in support of the first removal, which this Court discussed and rejected, the "new information" argument was not raised until the second removal. (*See* Docs. 46, 61 in Case No. 1-22-cv-68.) This argument may be weak, but it is at least new and colorable. Plaintiffs also allege that Moving Defendants removed the case for the improper purpose of avoiding rulings in state court. (Doc. 18, at 12.) While the timing of removal shortly after a court-ordered mediation and motion for contempt raises suspicions, the Court affords Moving Defendants the benefit of the doubt and does not find the second removal was based on an improper purpose. Accordingly, the Court will not award costs or attorney's fees.

### III. MOTION TO DISSOLVE TRO

Because the Court remands this action to state court, this Court will not resolve the Moving Defendants' motion to dissolve the TRO (Doc. 14). The state court will resolve this issue, and the Court makes no ruling on the motion to dissolve the TRO (Doc. 14).

### IV. CONCLUSION

Plaintiffs' motion to remand (Doc. 17) is **GRANTED**, and this action is **REMANDED** to the Circuit Court of Hamilton County, Tennessee.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

>  /s/ *Travis R. McDonough*
>  **TRAVIS R. MCDONOUGH**
>  **UNITED STATES DISTRICT JUDGE**